FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Oct 23 2020

JAMES N. HATTEN, Clerk

By: s/James Jarvis
         Deputy Clerk

# United States District Court

NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

Christopher W. Burns

**CRIMINAL COMPLAINT**

Case Number: 1:20-MJ-0906

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief.  On or about September 1, 2020, in the Northern District of Georgia and elsewhere, the defendant knowingly devised and participated in a scheme and artifice to defraud, for the purpose of obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, as well as by omissions of material fact, knowing and having reason to know that the pretenses, representations, promises, and omissions were and would be material, the defendant caused to be delivered by a private and commercial interstate carrier according to the direction thereon a cashier's check for $250,000 addressed to Investus Financial in Berkeley Lake, Georgia,

in violation of Title 18, United States Code, Section(s) 1341.

I further state that I am a(n) Special Agent of the FBI and that this complaint is based on the following facts:

**PLEASE SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof.    Yes

*Stephen R. Ryskoski*

Signature of Complainant
Stephen R. Ryskoski

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it.  Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1.

| October 23, 2020 | at | Atlanta, Georgia |
|---|---|---|
| Date | | City and State |

CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

Name and Title of Judicial Officer                          Signature of Judicial Officer
AUSA Alison Prout / 2020R00844 /
alison.prout@usdoj.gov

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Stephen R. Ryskoski, a Special Agent with the Federal Bureau of Investigation, depose and say under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

### Introduction

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been for approximately ten years. I am currently assigned to the Atlanta, Georgia office and work on the Complex Financial Crimes Squad. Upon joining the FBI, I attended five months of New Agents Training in Quantico, Virginia, where part of the training included conducting investigations involving financial crimes. In connection with my official duties, I investigate criminal violations of federal criminal fraud law and other federal offenses, including wire and mail fraud and securities fraud. I have received training, both formal and informal, in the enforcement and investigation of these laws, interviewing techniques, and the use of physical and electronic surveillance.

2. This affidavit is made in support of a criminal complaint charging Christopher W. Burns with committing mail fraud in violation of Title 18, United States Code, Section 1341.

3. I make this affidavit based upon, among other things, information from the United States Securities Exchange Commission (SEC), and interviewing witnesses who were defrauded by Christopher W. Burns.

4. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. As explained further below, there is probable cause to believe that Christopher W. Burns, a registered investment advisor, has defrauded a number of victims, specifically including C.C. and B.C., out of hundreds of thousands of dollars. As part of his scheme, Burns falsely told victims that he was investing their money in a "peer to peer" lending program in which loans were backed by collateral. In reality, the

collateral promised by Burns either did not exist at all or was worth substantially less than Burns represented. Moreover, Burns is aware that he is under SEC investigation. Burns was scheduled to produce documents to the SEC on September 25, 2020. Notably, he failed complete his production of the documents to the SEC and his whereabouts have been unknown since the evening of September 24, 2020.

## Factual Summary

6. Christopher W. Burns is a registered investment adviser at Investus Advisers, LLC, a registered investment advisory firm, and Investus Financial, LLC (collectively "Investus"). Burns conducted business through a number of entities including Investus, Dynamic Money, and Peer Connect, LLC. Both Burns and these business entities conducted business operations inside the Northern District of Georgia.

7. Burns, Investus, Dynamic Money, and Peer Connect, LLC used facilities of interstate commerce to conduct business and to facilitate the purchase and sale of securities. For example, Burns advertised his services, including providing investment advice, via his website at http://www.dynamicmoney.com.

8. Burns's scheme to defraud often operated as follows. Burns offered his friends, family, and clients an opportunity to invest in a "peer to peer" lending program that offered attractive returns in short periods of time via promissory notes. According to the investors, their money was supposed to be loaned to businesses that needed financing with little to no risk. The promissory notes documented the investor's loan amount, rate of return, dates interest was to be paid, and the maturity date. Many promissory notes also identified specific collateral that secured the loan to reduce the level of risk associated with the investment and to induce investors to participate in the lending program.

9. One couple (C.C. and B.C.) was contacted by Burns in late August 2020. Burns told them about his peer to peer investment program. C.C. and B.C. live in the Northern District of Georgia. Burns told them that an investor was leaving the lending program, and that Burns had an opening if C.C. and B.C. were interested. Burns told

C.C. and B.C. that their investment would be collateralized dollar for dollar by investment securities put up by the business borrowing funds through the lending program. Based on C.C. and B.C.'s conversation with Burns, they understood the investment to have little to no risk. C.C. and B.C. agreed to invest $365,000 in the program and the promissory note was executed on August 31, 2020. C.C. and B.C. instructed their bank, Capital One, to mail two cashier's checks (one for $250,000 and the other for $115,000) to Investus Financial in Berkeley Lake, Georgia.

10. On or about September 1, 2020, Capital One sent a check for $250,000 to Investus Financial via FedEx. FedEx is a private and commercial interstate carrier. Capital One sent the additional $115,000 via FedEx separately on the same day.

11. Per the terms of the promissory note signed by Burns, C.C. and B.C would earn two interest payments on September 25, 2020 and October 25, 2020 at the rate of 8% per annum. On October 25, 2020, C.C. and B.C. would also earn an additional interest payment of 5% of the entire principal amount. October 25, 2020 was also the maturity date of the promissory note. The promissory note identified "the pledged collateral held in custody by Charles Schwab under restricted account numbers [xxxx]-9011 and [xxxx]-9046."

12. According to records from Charles Schwab, account number xxxx-9011 never existed, and on August 31, 2020, the date the promissory note was signed, account number xxxx-9046 had a balance of $308.58.

13. C.C. and B.C. never received the interest payment that was due on September 25, 2020. On September 29, 2020, C.C. and B.C. tried to contact Burns because they had not received their interest payment. Burns did not respond, and C.C. and B.C. have had no further contact with Burns, despite attempting to contact him approximately 20 times.

14. On September 25, 2020, Burns was scheduled to turn over documents related to a request from the SEC. The same day, Burns's wife filed a missing person's report with the Gwinnett County Police Department. The last time Burns's wife was in contact with Burns was the evening of September 24, 2020. Burns told his wife he was

going to his parents' house in North Carolina.  Burns's parents never saw Burns and were not expecting his arrival.  The vehicle Burns was driving was found abandoned in Dunwoody, Georgia.  In the vehicle were copies of three cashier's checks totaling over $78,000.  According to Burns's wife, the cashier's checks were used to pay off debts the couple owed pursuant to a divorce agreement.  On September 24, 2020, Burns also transferred ownership of their approximately 5,900-square-foot home from himself to M.B pursuant to a divorce agreement.  The home is currently listed for sale for $1.1 million.

15. Multiple other investors have reported that payments due on their promissory notes have not been paid as promised, and that Burns has stopped returning phone calls and emails inquiring about their balances.

## Conclusion

16. For the reasons stated above, there is probable cause to believe that on or about September 1, 2020, in the Northern District of Georgia and elsewhere, Burns knowingly devised and participated in the aforesaid scheme and artifice to defraud, for the purpose of obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, as well as by omissions of material fact, knowing and having reason to know that the pretenses, representations, promises, and omissions were and would be material, Burns caused to be delivered by a private and commercial interstate carrier according to the direction thereon a cashier's check for $250,000 addressed to Investus Financial in Berkeley Lake, Georgia, all in violation of 18 U.S.C. § 1341.