FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 2 8 2020

JAMES N. HATTEN, Clerk
By: /s/ J Matz, Deputy Clerk

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19 AND RELATED CORONAVIRUS | GENERAL ORDER 20-01<br>Eighth Amendment |

## ORDER

General Order 20-01, dated March 16, 2020, as amended by orders dated March 30, 2020; April 30, 2020; May 26, 2020; July 1, 2020; July 10, 2020; August 3, 2020; and September 1, 2020; addresses Court operations for the United States District Court for the Northern District of Georgia under the exigent circumstances created by the Coronavirus Pandemic and the spread of COVID-19. The Seventh Amendment to General Order 20-01, entered September 1, 2020, extended the time periods specified in the Order through and including November 1, 2020.

Data from the Georgia Department of Public Health reflects that the average number of confirmed new COVID-19 cases in the State of Georgia remains significantly in excess of 1,000 cases per day as do the fourteen and seven-day averages for daily confirmed cases within the State. These numbers far exceed those that existed at the time the Court entered General Order 20-01 and are among the highest nationally. Georgia now ranks fourth in the United States in total cases behind only California, Florida, and Texas. The four counties within Georgia with the most confirmed COVID-19 cases: Fulton, Gwinnett, Cobb, and DeKalb, are all within the Northern District. Together these counties currently

account for almost thirty percent of the cases within the State. While declining from the extreme highs experienced in July, the percentage of those tested for COVID-19 who test positive still exceeds eight percent, again among the highest positivity rates nationally. As reflected in the data, the prevalence of COVID-19 within the District is far greater than it was on March 16, 2020, when the Court originally entered General Order 20-01.

The total number of COVID-19 deaths in Georgia and the Northern District continues to rise, and no vaccine or cure is yet available to the general public. There has been no change to the President's declaration of a national emergency under the National Emergencies Act (50 U.S.C. § 1601 et seq.) due to COVID-19 or to the findings of the Judicial Conference of the United States that emergency conditions due to this national emergency have materially affected and will materially affect the functioning of the federal courts generally. Specifically, within the Northern District, emergency conditions have prevented defense counsel from meeting with their in-custody clients and have severely limited communications with those clients in general. Capabilities provided by technology, while helpful, are inadequate to offset the impediments currently confronted by counsel in this District. Other aspects of case preparation have been similarly impacted. As a result of Georgia's level of COVID-19 infections and test positivity, witness travel has been problematic due to quarantine regulations in effect in many states that apply to persons traveling to and from Georgia. These circumstances and others have severely impeded if not prevented counsels' ability to prepare for trial.

To date the Court has suspended jury trials in the hopes that COVID-19 could be contained, and its threat eliminated. The continued spread of COVID-19 within the United States and Georgia after months of intense preventative measures, however, makes clear that the resumption of jury trials cannot await the complete demise of this disease. At the same time, the Court will not reinitiate jury trials while it deems the public health and safety and that of those appearing before the Court cannot be adequately protected. Based on the above, it is the conclusion of the Court that a further extension of the suspension of jury trials is required to allow conditions within the District to sufficiently improve so that counsel can adequately prepare for trial and the health and safety of the public, those appearing before the Court, and the Court itself, can be adequately safeguarded. The extension of the suspension of jury trials also will facilitate the further coordination of health and safety procedures that will be required when jury trials resume, which the Court plans to occur in January 2021.

Therefore,

**IT IS HEREBY ORDERED** that General Order 20-01, as amended, is <u>further amended</u> to extend the time periods specified therein through and including the date of January 3, 2021.

**IT IS FURTHER ORDERED** that while there will be no civil or criminal jury trials in any division of the Northern District of Georgia until after January 3, 2021, grand jurors may continue to be summoned and grand jury proceedings may continue to be held;

and summonses may be issued to prospective jurors for civil and criminal jury trials scheduled to begin after January 3, 2021.

**IT IS FURTHER ORDERED** that the time period of any continuance entered as a result of this Order (whether that continuance causes a pre-indictment delay or a pre-trial delay) shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial. Absent further order of the Court or any individual judge, the period of exclusion shall be from March 23, 2020, through and including January 3, 2021. The Court may extend the period of exclusion as circumstances may warrant. This Order and period of exclusion are incorporated by reference as a specific finding under 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies. *See Zedner v. United States*, 547 U.S. 489, 506-07 (2006). The periods of exclusion in the Court's prior orders on this subject, General Order 20-01 and its subsequent amendments, are likewise incorporated by reference as a specific finding under 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies.

**SO ORDERED** this __22__ day of September 2020.

*Thomas W. Thrash*
**THOMAS W. THRASH, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**